IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 20-00434 JMS-KJM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF |
| | ) | UNITED STATES OF AMERICA'S |
| vs. | ) | REQUEST FOR REASONABLE |
| | ) | EXPENSES INCURRED IN |
| EDDIE V. AGUINALDO, et al., | ) | BRINGING DISCOVERY DISPUTE |
| | ) | MOTION PURSUANT TO L.R. |
| Defendants. | ) | 37.1(c) |
| _____ | ) | |

ORDER GRANTING PLAINTIFF UNITED STATES OF
AMERICA'S REQUEST FOR REASONABLE EXPENSES INCURRED IN
BRINGING DISCOVERY DISPUTE MOTION PURSUANT TO L.R. 37.1(c)

The parties requested expedited discovery assistance from this Court pursuant to Rule 37.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On January 18, 2022, the parties submitted their respective letter briefs. ECF Nos. 104, 105. On January 24, 2022, this Court issued an Order on Local Rule 37.1 Discovery Dispute ("01/24/2022 Order"). ECF No. 106. Therein, the Court awarded Plaintiff United States of America ("United States") its "reasonable attorneys' fees and costs incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)." *Id.* at 3.

United States timely filed the instant Request for Reasonable Expenses Incurred in Bringing Discovery Dispute Motion Pursuant to L.R. 37.1(c) ("Request"). ECF No. 108. Defendants Eddie V. Aguinaldo and Imelda S. Aguinaldo (collectively, the "Aguinaldos") did not timely object or otherwise respond to the Request. On February 19, 2022, the Aguinaldos submitted a letter simply stating that "[t]he United States should not be collecting attorney's fees." ECF No. 115.

## DISCUSSION

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted). United States requests $669 for three hours ($223 per hour) expended by Isaac M. Hoenig, Esq. ("Mr. Hoenig"), in connection with the Local Rule 37.1 dispute.

I.   Number of Hours Reasonably Expended

The Court has carefully reviewed the Request and the declaration Mr. Hoenig submitted in support thereof. Mr. Hoenig's declaration indicates that he spent three hours in connection with the Local Rule 37.1 discovery

dispute. Mr. Hoenig "spent time researching motion to compel and for sanctions, researching local rules, attempting to contact [the Aguinaldos] . . . , drafting the letter brief, and filing the motion on ECF." ECF No. 108-1 at 3 ¶ 3. The Court finds that three hours is a reasonable amount of time to have expended on the foregoing tasks, which "were associated with the relief requested and reasonably necessary to achieve the results obtained." *Tiki Shark Art Inc. v. Cafepress Inc.*, Civil No. 13-00577 JMS-RLP, 2014 WL 12613386, at *2 (D. Haw. July 24, 2014) (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).

II.     Reasonable Hourly Rates

United States requests an hourly rate of $223 for Mr. Hoenig, which United States asserts is equal to the rate allowed under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 108 at 4–5. Under the EAJA, fees are to be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour[.]" 28 U.S.C. § 2412(d)(2)(A). This statutory rate may be exceeded only where "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

The Motion sets forth the calculation method United States used to determine the cost-of-living adjusted statutory rate of $223 per hour.  *See* ECF No. 108 at 4.  Based on the level of expertise Mr. Hoenig has demonstrated in this case, and given the lack of any objection from the Aguinaldos, the Court finds that $223 is a reasonable hourly rate for Mr. Hoenig.

III.   Total Lodestar Calculation

In sum, the Court finds that United States is entitled to $669 (3 hours x $223 hourly rate) for attorneys' fees incurred in connection with the Local Rule 37.1 discovery dispute.  The Court finds that this amount is reasonable and declines to adjust this lodestar amount.  Accordingly, the Court awards United States $669 in attorneys' fees.

CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff United States of America's Request for Reasonable Expenses Incurred in Bringing Discovery Dispute Motion Pursuant to L.R. 37.1(c) (ECF No. 108).  The Court awards Plaintiff United States of America $669 for its reasonable attorneys' fees incurred in connection with the Local Rule 37.1 discovery dispute.

\\

\\

\\

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 4, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*United States of America v. Aguinaldo, et al.*, Civil No. 20-00434 JMS-KJM; Order Granting Plaintiff United States of America's Request for Reasonable Expenses Incurred in Bringing Discovery Dispute Motion Pursuant to L.R. 37.1(c)