CLARE E. CONNORS
United States Attorney
District of Hawaii

HARRY YEE
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808)-440-9290
Facsimile: (808) 541-3752
Email: Harry.Yee1@usdoj.gov

JEREMY N. HENDON
ISAAC M. HOENIG
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
 (202) 353-2466 (v-Hendon)
 (202) 307-5963 (v-Hoenig)
 (202) 307-0054(f)
Jeremy.Hendon@usdoj.gov
Isaac.M.Hoenig@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>EDDIE V. AGUINALDO;<br>IMELDA S. AGUINALDO; | Case No. CV 20-00434-JMS-KJM<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST (1) ALLIED BUILDING PRODUCTS, (2) PORTFOLIO** |

1

Memorandum in Support of Motion for Default Judgment
20-cv-00434

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MARCH 1, 2007, GSAMP TRUST 2007-HE2, MORTGAGE PASS-THROUGH CERTIFICATES 2007-HE2; PACIFIC B. OF TRADE INC., aka PACIFIC BOARD OF TRADE, INC.; ALLIED BUILDING PRODUCTS; THE STATE OF HAWAII – DEPARTMENT OF TAXATION; THE LAW OFFICES OF GARY Y. SHIGEMURA; THE CITY AND COUNTY OF HONOLULU, DEPARTMENT OF PLANNING AND PERMITTING; PORTFOLIO RECOVERY ASSOCIATES LLC; MIDLAND FUNDING LLC; HAWAII MASONS' HEALTH AND WELFARE FUND; HAWAII MASONS' TRAINING FUND; HAWAII MASONS PENSION FUND; HAWAII MASONS' VACATION AND HOLIDAY FUND; HAWAII MASONS' AND PLASTERERS' ANNUITY FUND; THE LAW OFFICE OF ALEX M. SONSON;  Defendants. | RECOVERY ASSOCIATES LLC, (3) MIDLAND FUNDING LLC, and (4) THE LAW OFFICE OF ALEX M. SONSON |

2

Memorandum in Support of Motion for Default Judgment
20-cv-00434

**THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST (1) ALLIED BUILDING PRODUCTS, (2) PORTFOLIO RECOVERY ASSOCIATES LLC, (3) MIDLAND FUNDING LLC, and (4) THE LAW OFFICE OF ALEX M. SONSON**

Pursuant to Fed. R. Civ. P. 55(b), the United States of America submits this memorandum in support of its motion for default judgment against defendants (1) Allied Building Products, (2) Portfolio Recovery Associates LLC, (3) Midland Funding LLC, and (4) the Law Office of Alex M. Sonson (collectively "the defaulted defendants"). The Clerk of the Court has entered default against these Defendants, and, as discussed below, default judgment should be entered against them.

## BACKGROUND

The United States initiated this action on October 9, 2020, seeking to reduce to judgment tax assessments against Eddie V. Aguinaldo and Imelda S. Aguinaldo. (Dkt. 1). On April 14, 2021, the United States subsequently amended its complaint to add a claim seeking a declaratory judgment that federal tax liens attach to a parcel of real property located in Honolulu, Hawaii owned by Mr. and Mrs. Aguinaldo and referred to as the Kalaepaa Property. (Dkt. 29). The Kalaepaa Property is located at 1633 Kalaepaa Drive, Honolulu, Hawaii, and is described more completely at paragraph 21 of the United States' Third Amended Complaint. (Dkt. 110). Pursuant to 26 U.S.C. § 7403(b), when the United States filed its first

amended complaint, it named all parties who may hold an interest in the Kalaepaa Property including the defaulted defendants at issue in this motion. (Dkt. 29 ¶¶ 9, 13, 14, 20). The United States completed service on each of the defaulted defendants on April 22, 2021. (Dkts. 53, 54, 58, 59). Consequently, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), each of them were required to respond to the United States' amended complaint by May 13, 2021. However, to date, each of the defaulted defendants has failed to respond to the United States' amended complaint or otherwise appear in this action. *See generally* Docket for Case No. 1:20-cv-00434. Consequently, on June 23, 2021, the United States requested that the Clerk of Court enter default against each of the defaulted defendants, (Dkt. 71). Default was entered by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a) the same day. (Dkt. 72).

## ARGUMENT

Default judgment is appropriate against the defaulted defendants because none of these parties have appeared or expressed an intention to appear in this action. Because this case involves foreclosure of liens against Real Property, an adjudication of their interest in the Subject Properties is necessary under 26 U.S.C. § 7403(c). Further, the United States does not claim any monetary judgment against the defaulted defendants, and, accordingly, the factors discussed below establish that default judgment is appropriate.

**Default Judgment Standard**

Under Rule 55(b), once the Clerk of Court has entered default, the party seeking affirmative relief may move the Court to enter a default judgment. Thus, entry of a default judgment is appropriate where "the adversary process has been halted because of an essentially unresponsive party" *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). The Court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Ninth Circuit identified seven factors that courts can consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). When a party is in default, the well-pleaded allegations of the complaint, except those as to the amount of damages, are taken as true. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

5

**Prejudice to the United States**

The United States will be prejudiced if default judgment is not entered against the defaulted defendants because the United States may not be able to apply the proceeds of the sale of the Kalaepaa Property to satisfy the outstanding tax liabilities of Mr. and Mrs. Aguinaldo. *See Key Bank Nat'l Ass'n v. Van Noy*, 2008 WL 4646045, at *7 (D. Or. Oct. 17, 2008) (without "a default judgment that . . . extinguishes the interest of the [other lien holders], the United States will be frustrated in its efforts to collect the federal tax liabilities at issue," and "the public treasury is prejudiced."). To sell the subject properties, the defendants' interests must be adjudicated, and, in this case, default judgment should be entered against the defaulted defendants who have failed to appear.

**Merits of the United States' Claims and Sufficiency of the Complaint**

The two *Eitel* factors weighing the merits of plaintiff's substantive claim and the sufficiency of the complaint require that a plaintiff "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citations and quotations omitted). In this case, the United States alleged that its tax liens attached to the Kalaepaa Property and that foreclosure of those liens and distribution of the proceeds of the sale to the United States is appropriate. Additionally, pursuant to 26 U.S.C. § 7403, the United States alleged that defaulted defendants may have an interest in the Subject Properties.

However, none of these parties have appeared to claim an interest in the Kalaepaa Property or in any proceeds from the sale despite being served with a summons and a copy of the First Amended Complaint. The Internal Revenue Code provides that after parties have been notified of the United States' action, a court shall "finally determine the merits of all claims to and liens upon the property." 26 U.S.C. § 7403(c). By failing to appear, the defaulted defendants have effectively waived any interest in the Subject Properties or in any subsequent sale proceeds.

**Amount at Issue**

The United States is seeking to reduce to judgment over $150,000 in federal income tax assessments (Form 1040) against Mr. Aguinaldo and Mrs. Aguinaldo, over $26,000 in civil penalty assessments made pursuant to 26 U.S.C. § 6672 against Mr. Aguinaldo, over $350,000 in employment tax (Form 941) assessments against Mr. Aguinaldo, and over $8,000 in unemployment tax assessments (Form 940) against Mr. Aguinaldo. (Dkt. 110). No monetary recovery is being sought against the defaulted defendants. The difference between the substantial amount at issue and the fact that no money judgment is sought against any of the defaulted defendants weighs in favor of granting default judgment.

**Possibility of Dispute**

Because all well-pleaded allegations of the Complaint are deemed true upon the entry of default, *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), "there is no likelihood that any genuine issue of material fact exists" once default is entered. *Elektra Entertainment Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *see also Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) ("[T]here is little possibility of dispute concerning material facts because (a) based on the entry of default, the Court accepts all allegations in [the Complaint] as true...and (b) [the defendant] has not made any attempt to challenge [the Complaint] or even appear in this case.").

**Possibility of Excusable Neglect**

Where a defendant has received a copy of the Complaint, the possibility of excusable neglect is remote. *Elektra Entertainment Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *Phillip Morris USA, Inc. v. Castword Products, Inc.*, 219 F.R.D. 494, 500-01 (C.D. Cal. 2003). Here, the defaulted parties have not only been served, but the United States also delivered copies of the request for entry of default to them. *See* Certificates of Service (Dkts. 53, 54, 58, 59). Despite these notices, the defaulted parties have failed to appear or contact counsel for the United States to state an intention to appear.

**Policy Favoring Decision on the Merits**

While cases should be decided on their merits "whenever reasonably possible" *Eitel*, 782 F.2d at 1472, "the mere existence of Fed. R. Civ. Proc. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Furthermore, the complete failure of the defaulted parties to respond to the Complaint "makes a decision on the merits impractical, if not impossible." *Id.; Elektra*, 226 F.R.D. at 393. Because the defaulted defendants have failed to even appear in this case, this factor does not preclude the Court from granting a default judgment. *Id*.

## CONCLUSION

The defaulted defendants were each properly served, have each failed to appear, and have each had Clerk's entry of default made against them. Accordingly, the United States respectfully requests that default judgment be entered against the defaulted defendants terminating any claim they might have in the Kalaepaa Property and ordering that they are not entitled to any portion of the proceeds of a sale of the Kalaepaa Property.

Dated: June 8, 2022.                Respectfully submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

HARRY YEE
Assistant U.S. Attorney

*/s/ Isaac Hoenig*
JEREMY N. HENDON
ISAAC M. HOENIG
Trial Attorneys, Tax Division
U.S. Department of Justice

Attorneys for Plaintiff
United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this matter and are eligible to receive CM/ECF notices. In addition, I delivered the foregoing by U.S. Mail to:

Eddie V. Aguinaldo
1633 Kalaepaa Dr.
Honolulu, HI 96819

Imelda S. Aguinaldo
1633 Kalaepaa Dr.
Honolulu, HI 96819

Allied Building Products
c/o Corporation Service Company
1003 Bishop Street
Suite 1600 Pauahi Tower
Honolulu, HI 96813

Portfolio Recovery Associates LLC
c/o Corporation Service Company
1003 Bishop Street
Suite 1600 Pauahi Tower
Honolulu, HI 96813

Midland Funding LLC
c/o Corporation Service Company
1003 Bishop Street
Suite 1600 Pauahi Tower
Honolulu, HI 96813

The Law Office of Alex M. Sonson
1125 N King St. Ste 305
Honolulu, HI 96817

*/s/ Isaac Hoenig*
Trial Attorney, Tax Division
U.S. Department of Justice