ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 29 2022

at 3 o'clock and 60 min. P M
CLERK, U.S. DISTRICT COURT

Eddie Vallesteros Aguinaldo
c/o 1633 Kalaepa'a Drive
Honolulu, Hawaii 96819

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. CV 20-00434-JMS-KJM |
| ) | |
| Plaintiff, ) | |
| ) | MOTION FOR ADDITIONAL TIME |
| Eddie Vallesteros Aguinaldo; ) | TO FILE APPROPRIATE MOTIONS |
| Imelda Sevilleja Aguinaldo; ) | AND SEEK COMPETENT COUNSEL |
| Defendant's, ) | |

Defendant's Motion this Honorable Court for the additional time of 90 days in which to obtain competent counsel and prepare a Appropriate Motion(s) based upon the statutory and regulatory facts disclosed by Plaintiff, and the fact that none of Defendants workers were in fact "employees" engaged in "employment" as defined in the Internal Revenue Code.

Defendant's believe the plaintiff's case is based upon distorted facts and figures and not supported under current Internal Revenue Code and Regulations.

Plaintiff seeks summary judgment without allowing discovery or an opportunity for Defendants to enter evidence in support of our claims.

### Judicial Notice

All officers of the Court, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States,* 223 F.3d 898 (8th Cir. 2000) relying on *Willy v. Coastal Corp.,* 503 U.S. 131, 135 (1992), *"United States v. International Business Machines Corp.,* 517 U.S. 843, 856 (1996), quoting *Payne v. Tennessee,* 501 U.S. 808, 842 (1991) (Souter, J., concurring). *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647, *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001), and Local Rules of the United States District Court for the District of Hawaii, Rule

DEFENDANT MOTION FOR ADDITIONAL TIME page 1

7.1(b), In re *Haines*: pro se litigants (the Aguinaldo's are pro se litigants) are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant (the Aguinaldo's are pro se litigants) without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See *Anastasoff v. United States,* 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647.

 Defendant's require this additional time because we are not attorney's with easy access to law books and legal research material. We have spoken to several attorneys regarding our case and they all want more money to take the case than we can afford.

 Defendant's are informed of the complex tax code and regulations and the fact that "income" and "employment" taxes are two separate and distinct issues. Defendant's also understand that all Executive Agencies of the United States are required to publish regulations for "every statute that has general applicability and legal effect or imposes a penalty."

 It appears Plaintiff is not aware of this requirement because Plaintiff cites only mere "statutes" and never reveals the implementing regulation as required by law. See 44 U.S.C. § 1505(a). This alone makes additional work for Defendant's who must search federal publications in order to find out if the statutes cited by Plaintiff actually have application to our fact based circumstance.

 Defendant's have discovered there are two (2) types of regulations which agencies like the Internal Revenue Service can adopt, i.e., "substantive" or "interpretative". Only "substantive" regulations have "general applicability and legal effect", which would then apply to the "general

DEFENDANT MOTION FOR ADDITIONAL TIME                     page 2

public", including Defendant's.

Defendant's are not submitting this motion to delay or deny any right or property to the Plaintiff. Defendant's submit this Motion for Additional Time in order to protect rights and property secured to Defendant's under the Constitutions, state and federal, and the Declaration of Independence.

Defendant's require this time to draft documents to insure that Defendant's fundamental rights are protected and government agents do not exceed their authority and illegally seize money or property that is not lawfully owed under the scheme authorized by the Sixteenth Amendment and the 1939 Public Salary Tax Act which is the basis of the current Internal Revenue Code. *See generally,* 26 U.S.C. §§ 7851(a) and 7852(a).

In the interest of justice and to protect the fundamental rights of Defendant's this Motion for Additional Time should be granted.

Dated this 29th day of June, 2022.

_____
Eddie Vallesteros Aguinaldo,
*in propria persona*

DEFENDANT MOTION FOR ADDITIONAL TIME                                                          page 3