IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Civil No. 20-00434 JMS-KJM |
|---|---|---|
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO DENY UNITED STATES' RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST (1) ALLIED BUILDING PRODUCTS, (2) PORTFOLIO RECOVERY ASSOCIATES LLC, (3) MIDLAND FUNDING LLC, AND (4) THE LAW OFFICES OF ALEX M. SONSON |
| vs. | ) ) ) | |
| EDDIE V. AGUINALDO, et al., | ) ) | |
| Defendants. | ) ) ) ) ) ) ) | |

FINDINGS AND RECOMMENDATION TO DENY
UNITED STATES' RENEWED MOTION FOR DEFAULT
JUDGMENT AGAINST (1) ALLIED BUILDING PRODUCTS,
(2) PORTFOLIO RECOVERY ASSOCIATES LLC, (3) MIDLAND
FUNDING LLC, AND (4) THE LAW OFFICES OF ALEX M. SONSON

On December 8, 2022, Plaintiff United States of America ("Plaintiff") filed a Renewed Motion for Default Judgment Against (1) Allied Building Products, (2) Portfolio Recover Associates LLC, (3) Midland Funding LLC, and (4) The Law Offices of Alex M. Sonson ("Motion"). ECF No. 183. Defendants Allied Building Products, Portfolio Recovery Associates LLC, Midland Funding LLC, and The Law Offices of Alex M. Sonson (collectively, the "Absent Defendants") did not file oppositions or otherwise respond to the Motion. Plaintiff did not exercise its option to file a reply.

The Court held a hearing on the Motion on January 19, 2023. Isaac M. Hoenig, Esq., appeared on behalf of Plaintiff. The Absent Defendants were not present. After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion.

BACKGROUND

On October 9, 2020, Plaintiff filed its original Complaint, in which Plaintiff sought to reduce to judgment various federal tax assessments against Defendants Eddie V. Aguinaldo and Imelda S. Aguinaldo (collectively, the "Aguinaldos"). ECF No. 1. On February 2, 2022, Plaintiff filed a Third Amended Complaint, which asserted claims against the Aguinaldos, Absent Defendants, and other defendants.[1] ECF No. 110.

Like the original Complaint, the Third Amended Complaint asserts claims against the Aguinaldos related to federal tax assessments. Plaintiff asks the court to reduce such assessments to judgment and find that federal tax liens attach to the Aguinaldos' real property located at 1633 Kalaepaa Drive, Honolulu, Hawaii 96819 (the "Kalaepaa Property"). *Id.* at 3 ¶ 1. Plaintiff also asks the court to

---

[1] The Court refers to the Aguinaldos, Absent Defendants, and other defendants collectively as, "Defendants." The Court refers to Defendants other than the Aguinaldos as, the "Entity Defendants."

determine "the validity and priority of the liens and claims of all parties as the [sic] Kalaepaa Property." *Id.* ¶ 1.g.

Plaintiff does not appear to assert claims against the Entity Defendants in the Third Amended Complaint. Plaintiff alleges that it named the Entity Defendants as defendants because they "may claim an interest in the Kalaepaa Property." *See, e.g., id.* at 5 ¶ 7.

Plaintiff served the Third Amended Complaint and summonses on the Absent Defendants on November 3, 2022. ECF Nos. 176–79. Pursuant to Plaintiff's request, the Clerk of Court entered default as to the Absent Defendants on December 6, 2022. ECF Nos. 180–81. Plaintiff filed the instant Motion on December 8, 2022.

## LEGAL STANDARD

When a defendant has defaulted by failing to appear, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). The court has discretion to grant or deny a motion for default judgment. *Lewis v. Uyehara*, CV NO 05-00478 DAE/BMK, 2006 WL 8422937, at *7 (D. Haw. Mar. 23, 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986) (citations omitted). Entered sparingly, default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470,

3

1472 (9th Cir. 1986); *see also Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Courts may consider the following factors in deciding whether to grant a motion for default judgement (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel*, 782 F.2d at 1471–72).

In general, on default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Likewise, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

## DISCUSSION

I.   Jurisdiction

Before considering the merits of default judgment against a party who has failed to plead or otherwise defend, the Court has an affirmative obligation to determine whether it has jurisdiction over both the subject matter and the parties.

4

*In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).  The district court previously found that subject matter jurisdiction exists over the claims in the Third Amended Complaint pursuant to 28 U.S.C. § 1340, 1345, and 26 U.S.C. § 7403.  *United States v. Aguinaldo*, ECF No. 158, Civil No. 20-00434 JMS-KJM, 2022 WL 5245431, at *2 (D. Haw. Oct. 6, 2022).

The district court also previously found personal jurisdiction exists over the Aguinaldos.  *Id.*  Plaintiff does not appear to assert any substantive claims against the Absent Defendants.  Plaintiff asserts that it named the Absent Defendants pursuant to 26 U.S.C. § 7403(b)[2] because of their potential interests in the Kalaepaa Property.  The Court finds this sufficient for personal jurisdiction as to the Absent Defendants.

II.   *Eitel* Factors

   A.   Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff's

---

[2] Section 7403(b) provides:  "All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."

5

efforts to apply the proceeds of the sale of the Kalaepaa Property may be frustrated.  Accordingly, the first *Eitel* factor favors entry of default judgment.

      B.      Merits of Plaintiff's Substantive Claims

Under the second *Eitel* factor, the Court considers the merits of Plaintiff's substantive claims.  As noted above, the allegations in the Third Amended Complaint are taken as true for purposes of determining liability.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18; *Fair Hous. of Martin*, 285 F.3d at 906.

The Court notes that Plaintiff does not appear to assert any substantive claims against the Absent Defendants.  Again, Plaintiff only named the Absent Defendants because they *might* claim an interest in the Kalaepaa Property.  Other than this brief description of each Defendant, Plaintiff does not mention the Entity Defendants, including the Absent Defendants, in the remainder of the Third Amended Complaint.

In the Third Amended Complaint, Plaintiff asks the court to determine "the validity and priority of the liens and claims of all the parties as [sic] the Kalaepaa Property."  ECF No. 110 at 3 ¶ 1.g.  The Third Amended Complaint contains no allegations regarding the Absent Defendants' alleged lien amounts or the alleged lien priority among Plaintiff and the Absent Defendants.  Nor does Plaintiff allege any facts the Court could use to determine the validity and priority of the parties' liens.

Based on the foregoing, the Court finds that the lack of factual allegations to support the merits of Plaintiff's substantive claims regarding lien validity and priority—to the extent there are any asserted against the Absent Defendants—weighs strongly against default judgment.

C.   Sufficiency of the Third Amended Complaint

For the reasons discussed above, the Court finds that the allegations in the Third Amended Complaint are insufficiently pled.  Accordingly, the sufficiency of the Third Amended Complaint—or, rather, lack thereof—weighs strongly against default judgment.

D.   Sum of Money at Stake

Plaintiff asserts that this factor weighs in favor of default judgment because Plaintiff is not seeking monetary relief from the Absent Defendants.  ECF No. 183-1 at 10.  Although it is true that Plaintiff's request for default judgment against the Absent Defendants does not include monetary relief, Plaintiff asks the Court to terminate any claims the Absent Defendants might have in the Kalaepaa Property. *Id.* at 11.  Plaintiff also asks the Court to enter an order stating that the Absent Defendants are not entitled to any portion of the proceeds of a sale of the Kalaepaa Property. *Id.*

While Plaintiff is not directly seeking monetary relief from the Absent Defendants, Plaintiff is asking the Court to terminate the Absent Defendants'

monetary rights in the Kalaepaa Property, thereby potentially increasing Plaintiff's recovery from any sale of thereof. Stated differently, the Absent Defendants could suffer a monetary loss, and Plaintiff benefit from an equal monetary gain, if the Court enters default judgment. Thus, without knowing the value of the Absent Defendants' liens, the Court cannot determine the sum of money at stake.

Given the lack of factual allegations in the Third Amended Complaint regarding the sum of money at stake, the Court finds that this factor weighs against default judgment.

E. Possibility of Dispute Concerning Material Facts

Given the Court's finding as to *Eitel* factors two (merits of Plaintiff's substantive claims) and three (sufficiency of the Third Amended Complaint), the Court finds that there is a possibility of dispute concerning material facts. Even taking the factual allegations in the Third Amended Complaint as true, there remains a substantial possibility of dispute concerning material facts as to the validity and priority of the parties' liens. The Court thus finds that this fifth factor weighs against default judgment.

F. Whether Default Was Due to Excusable Neglect

Regarding the sixth factor, the Court finds that the Absent Defendants' defaults were not the result of excusable neglect. The Absent Defendants failed to defend this action, and the Clerk of Court entered default against them. *See* ECF

8

No. 29. The record indicates that the Absent Defendants' defaults were not the result of any excusable neglect, but rather due to the Absent Defendants' conscious and willful decisions not to defend this action. Consequently, this factor weighs in favor of default judgment.

      G.      Policy Favoring Decisions on the Merits

Under Federal Rule of Civil Procedure 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive."). Generally, though, the policy favoring decisions on the merits generally weighs against default judgment. Given the lack of detailed factual allegations in the Third Amended Complaint regarding the Absent Defendants' interests in the Kalaepaa Property, the Court finds that this factor weighs against granting default judgment.

      H.      Totality of the *Eitel* Factors

The Court finds that the totality of the *Eitel* factors weigh against entering default judgment in favor of Plaintiff and against the Absent Defendants.

9

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY United States of America's Renewed Motion for Default Judgment Against (1) Allied Building Products, (2) Portfolio Recover Associates LLC, (3) Midland Funding LLC, and (4) The Law Offices of Alex M. Sonson (ECF No. 183).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 19, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Aguinaldo, et al.*, Civil No. 20-00434 JMS-KJM; Findings and Recommendation to Deny United States of America filed a Renewed Motion for Default Judgment Against (1) Allied Building Products, (2) Portfolio Recover Associates LLC, (3) Midland Funding LLC, and (4) The Law Offices of Alex M. Sonson