IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDDIE V. AGUINALDO, et. al.,<br><br>Defendants. | CIV. NO. 20-00434 JMS-KJM<br><br>AMENDED ORDER SUSTAINING UNITED STATES' OBJECTION, ECF NO. 195, TO FINDINGS AND RECOMMENDATION TO DENY UNITED STATES' RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST (1) ALLIED BUILDING PRODUCTS, (2) PORTFOLIO RECOVERY ASSOCIATES, (3) MIDLAND FUNDING LLC, AND (4) THE LAW OFFICES OF ALEX M. SONSON, ECF NO. 194, AND GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT, ECF NO. 183 |

**AMENDED ORDER SUSTAINING UNITED STATES' OBJECTION, ECF NO. 195, TO FINDINGS AND RECOMMENDATION TO DENY UNITED STATES' RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST (1) ALLIED BUILDING PRODUCTS, (2) PORTFOLIO RECOVERY ASSOCIATES, (3) MIDLAND FUNDING LLC, AND (4) THE LAW OFFICES OF ALEX M. SONSON, ECF NO. 194, AND GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT, ECF NO. 183**

**I. INTRODUCTION**

On February 3, 2023, Plaintiff United States of America ("Plaintiff")

filed an Objection under 28 U.S.C. § 636(b)(1), ECF No. 195, to a Magistrate

Judge's January 20, 2023 Findings and Recommendation ("F&R"), ECF No. 194, to deny Plaintiff's "Renewed Motion for Default Judgment Against (1) Allied Building Products, (2) Portfolio Recovery Associates, LLC, (3) Midland Funding LLC, and (4) the Law Offices of Alex M. Sonson" ("Motion") (referred to collectively as the "default Defendants" in this Order).  ECF No. 183.  For the reasons discussed below, the court SUSTAINS the Objection and GRANTS the Motion for default judgment against the default Defendants.

## II.  BACKGROUND

The United States filed suit in this action on October 9, 2020, seeking to reduce to judgment the tax assessments against Eddie V. Aguinaldo and Imelda S. Aguinaldo ("Aguinaldos").  ECF No. 1.  A Third Amended Complaint ("TAC") was filed on February 2, 2022, which asserts claims against the default Defendants and others.  ECF No. 110.  In the TAC, Plaintiff seeks a determination that federal tax liens attach to the Aguinaldos' real property located on Kalaepaa Drive in Honolulu, Hawaii ("Kalaepaa property").  As to the default Defendants, the TAC alleges that each "may" claim an interest in the Kalaepaa property.  Each default Defendant was served with the TAC and a summons on November 3, 2022.  ECF Nos. 176–179.  None appeared, and the clerk of court entered default as to each of them on December 6, 2022.  ECF No. 181.

Plaintiff filed its Motion for default judgment against the default Defendants on December 8, 2022.  ECF No. 183.  On January 20, 2023, the Magistrate Judge issued the Findings and Recommendation to Deny the Motion, and on February 3, 2023, Plaintiff filed a timely Objection.  ECF Nos. 194, 195.

Upon de novo review and for the reasons discussed below, this court SUSTAINS Plaintiff's Objection.

### III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").  Under a de novo standard, there is no deference to the lower court's ruling; rather, the court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## IV.  DISCUSSION

Plaintiff objects to the Magistrate Judge's application of the factors a court considers in ruling on a motion for default judgment as set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  Specifically, Plaintiff claims that the F&R incorrectly determined that the second, third, fourth, fifth, and seventh factors weighed against the entry of a default judgment.  ECF No. 195 at PageID.2186.

### A.   Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), when a defendant defaults by failing to appear, a plaintiff may apply for a default judgment. Although generally disfavored, *see Eitel*, 782 F.2d at 1472, district courts have discretion to enter default judgments.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).  In determining whether to grant a motion for default judgment, courts consider the following seven "*Eitel* factors":

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel*, 782 F.2d at 1471–72.

B.     **Application of Legal Standard**[1]

The F&R found that the first (possibility of prejudice to the Plaintiff) and the sixth (whether the default was due to excusable neglect) factors favor entry of default judgment.  The court agrees and accordingly, does not address these factors separately.

1.     *The Second and Third Factors*

The merits of Plaintiff's substantive claim, and the sufficiency of the TAC, weigh in favor of granting default judgment.  Here, Plaintiff alleges that (1) the default Defendants may have an interest in the Kalaepaa property, (2) Plaintiff has valid tax liens against the Kalaepaa property, (3) foreclosure of the liens is appropriate under the legal standards, and (4) none of the default Defendants has appeared to claim an interest, despite having been served with a summons and TAC.  Based on these facts, the TAC is sufficient, and Plaintiff's substantive claim has merit.  *See United States v. Stikes*, 2014 WL 7003811, at *2 (E.D. Ca. Nov. 12, 2014); *United States v. Sprenger*, 2021 WL 3406340, at *4–5 (D. Ariz. Aug. 4, 2021); *United States v. USAA Fed. Sav. Bank*, Civ. No. 19-05454-JSW, ECF No. 88 (N.D. Ca. Jan. 4, 2022); *United States v. Peacock*, 2016

---

[1] In addition to considering the *Eitel* factors, a "court must first determine whether it has jurisdiction over the subject matter and the parties" associated with the complaint.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Here, the court agrees with the F&R that it has such jurisdiction.  ECF No. 194 at PageID.2177–78.

WL 11541644 (S.D. Ca. Aug. 19, 2016); *see also United States v. Est. of Worley*, 2022 WL 4951629, at *2 (D. Minn. Oct. 4, 2022) (stating that the failure to assert an interest where a foreclosure complaint alleges that a defendant may have an interest in property "justifies a judgment extinguishing that interest") (citing *United States v. Jackson*, 2013 WL 6989404, at *6 (E.D. Va. Aug. 5, 2013)). The second and third factors weigh in favor of the entry of default judgment.

### 2. *The Fourth Factor*

As for the sum of money at stake in the action, the court considers "the amount of money at stake in relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). This factor is neutral at best. Here, the Plaintiff is not seeking a monetary judgment, and the entry of default judgment would not extinguish any debt or other lien the default Defendants may possess against the Aguinaldos. *See Peacock*, 2016 WL 11541644, at *2 (stating that where a plaintiff does not seek monetary damages, this factor weighs in favor of the entry of a default judgment).

### 3. *The Fifth Factor*[2]

Because none of the default Defendants has chosen to respond to the TAC or the summons, the court finds little possibility of a dispute concerning the

---

[2] In its Motion, Plaintiff challenges the F&R's conclusion as to this factor, ECF No. 195 at PageID.2186, but failed to address the factor in its filing. Nonetheless, the court addresses this factor de novo.

material facts of the case. *See United States v. Lindsey*, 2013 WL 3947757, at *7 (D. Haw. July 30, 2013); *Stikes*, 2014 WL 7003811, at *3. So, factor five weighs in favor of default judgment.

### 4.   *The Seventh Factor*

The court agrees with the F&R that the seventh factor—the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits—weighs against the entry of default judgment.

Although the court is cognizant of the strong policy favoring a decision on the merits, a cumulative consideration of all the *Eitel* factors weighs in favor of the entry of default judgment against the default Defendants.

## V.   CONCLUSION

Based on the foregoing, Plaintiff's Objection is SUSTAINED. Default judgment is entered against (1) Allied Building Products, (2) Portfolio Recovery Associates, LLC, (3) Midland Funding LLC, and (4) the Law Offices of Alex M. Sonson. It is ORDERED that these default Defendants have no interest in the Kalaepaa property (1633 Kalaepaa Drive, Honolulu, Hawaii 96819), which is "more particularly described" in the TAC. ECF No. 110 at PageID.664 ¶ 21.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Eddie Aguinaldo et. al.*, Civ. No. 20-00434 JMS-KJM, Amended Order Sustaining United States' Objection, ECF No.195, to Findings and Recommendation to Deny United States' Renewed Motion for Default Judgment Against (1) Allied Building Products, (2) Portfolio Recovery Associates, (3) Midland Funding LLC, and (4) The Law Offices of Alex M. Sonson, ECF No. 194, and Granting United States' Motion for Default Judgment, ECF No. 183