IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE V. AGUINALDO; IMELDA S. AGUINALDO, ET AL.,<br><br>Defendants. | CIV. NO. 20-00434 JMS-KJM<br><br>ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT SIX IN THE THIRD AMENDED COMPLAINT, ECF NO. 225; AND (2) DENYING DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS TO ALLOW SALE, ECF NO. 222 |

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT SIX IN THE THIRD AMENDED COMPLAINT, ECF NO. 225; AND (2) DENYING DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS TO ALLOW SALE, ECF NO. 222**

## I. INTRODUCTION

In this tax case, Plaintiff United States of America ("the government") moved for summary judgment (1) on its claims to reduce to judgment unpaid tax assessments and related penalties against pro se Defendants Eddie V. Aguinaldo ("Mr. Aguinaldo") and Imelda S. Aguinaldo ("Mrs. Aguinaldo") (collectively, "the Aguinaldos") for various periods spanning 2007 to 2014, *see* ECF No. 110 (Third Amended Complaint, Counts One to Five); and (2) to foreclose its federal tax liens

on a parcel of real property owned by the Aguinaldos, *see id*. (Third Amended Complaint, Count Six), to obtain full or partial satisfaction of said tax liens.

On October 6, 2022, the court granted summary judgment on the government's tax-assessment-and-penalties claims. ECF No. 158. The court denied summary judgment on its claim to foreclose on its federal tax liens and order a judicial sale of the Aguinaldos' real property as premature for failure to address whether certain defendants named in the Third Amended Complaint had been served with process of the Count Six foreclosure claim. *See* 26 U.S.C. § 7403(c) (requiring that all parties be provided notice in an action to enforce lien or to subject property to payment of tax); *United States v. Eddie v. Aguinaldo*, 2022 WL 5245341, at *12 (D. Haw. Oct. 6, 2022) (deciding government's first Motion for Summary Judgment) ("*Aguinaldo*").[1] The government filed a second motion for summary judgment on September 21, 2023—now before the court—on the claim in Count Six to foreclose its tax liens. ECF No. 225 ("Motion for Summary Judgment").

Having reviewed the Motion for Summary Judgment, Defendant's "Motion to Deny United States Opposition to Defendant's Motion to Stay," ECF

---

[1] Shortly after *Aguinaldo*, Mr. Aguinaldo passed away and the court substituted Mrs. Aguinaldo as Representative of the Estate of Eddie Aguinaldo. ECF No. 208. Here, the court refers to Mrs. Aguinaldo as "Defendant," acting in both her individual capacity and as Representative of the Estate of Eddie Aguinaldo.

No. 229, and "Response to Plaintiff's Motion to Foreclose Property at 1633 Kalaepaʻa Drive, Honolulu, Hawaii 96819," ECF Nos. 230 & 231—which the court construes collectively as the Opposition to the Motion for Summary Judgment—and the government's Reply, ECF No. 234, the court GRANTS the Motion for Summary Judgment. The court decides the Motion without a hearing under Local Rule 7.1(c).

## II.  STANDARD OF REVIEW

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "When the moving party has carried its burden . . . , its opponent must do more than simply show that there is some metaphysical doubt as to the

material facts"; instead, the opponent must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586–87 (1986) (citation and internal quotation marks omitted). The court views the facts and draws reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III.  DISCUSSION

When the court granted summary judgment for the government on each of its tax-assessment-and-penalties claims,[2] a lien arose at the time of the assessment. *See* 26 U.S.C. § 6321 ("If any person liable to pay tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . .") and § 6322 ("the lien imposed by section 6321 shall arise at the time the assessment is made . . . ."); *see also United States v. Nat'l Bank of Com.*, 472 U.S. 713, 719–20 (1985) ("The statutory language 'all property and rights to property,' appearing in § 6321 . . . is

---

[2] Those claims include assessments by the Internal Revenue Service ("IRS") for: (1) joint federal income taxes (Form 1040) against the Aguinaldos for the 2007–2010, 2013, and 2014 tax years; (2) federal employment taxes (Form 941) against Mr. Aguinaldo for 18 consecutive quarters, from the third quarter of 2007 through the fourth quarter of 2011; (3) federal unemployment taxes (Form 940) against Mr. Aguinaldo for the 2009–2011 tax years; and (4) trust fund recovery penalties pursuant to 26 U.S.C. § 6672 against Mr. Aguinaldo for the tax periods ending on March 31, 2012, June 30, 2012, December 31, 2012, March 31, 2013, and June 30, 2013. ECF No. 226 at PageID.2924 (Plaintiff's Concise Statement of Material Facts in Support of Its Motion for Summary Judgment on Count Six of the Third Amended Complaint ("Concise Statement") ¶¶ 2–5). *See also Aguinaldo*, at *12–13.

broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."); *Aguinaldo*, 2022 WL 5245341, at *11.

For the government to foreclose on its tax liens pursuant to 26 U.S.C. § 7403, it must first satisfy two procedural requirements—that "[a]ll persons having liens upon or claiming any interest in the property . . . shall be made parties thereto," and that the "parties [must] have been duly notified of the action." § 7403(b), (c). In *Aguinaldo*, the court determined that the government satisfied only the first requirement—it named as Defendants all entities that might possibly claim an interest in the Aguinaldos' real property located at 1633 Kalaepaa Drive, Honolulu, Hawaii 96819 (the "Kalaepaa Property").[3] *Id.* at § 7403(b) ("[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto"); *Aguinaldo*, 2022 WL 5245341, at *11. But *Aguinaldo* determined that the government failed to address or prove the second procedural requirement—that "the parties [must] have been duly notified of the action" under 26 U.S.C. § 7403(b). 2022 WL 5245341, at *12.

---

[3] Those Defendants include: U.S. Bank, N.A., as Trustee Under the Pooling and Servicing Agreement dated as of March 1, 2007, GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 ("U.S. Bank"); Pacific B. of Trade Inc., aka Pacific Board of Trade, Inc. ("Pacific Board of Trade"); Allied Building Products; State of Hawaii-Department of Taxation ("DOTAX"); Law Offices of Gary Y. Shigemura; City and County of Honolulu, Department of Planning and Permitting ("DPP"); Portfolio Recovery Associates LLC; Midland Funding LLC; Hawaii Masons' Health and Welfare Fund; Hawaii Masons' Training Fund; Hawaii Masons' Pension Fund; Hawaii Masons' Vacation and Holiday Fund; Hawaii Masons' and Plasterers' Annuity Fund; and Law Office of Alex M. Sonson. ECF No. 110 at PageID.661–664.

In May 2021, the government dismissed Defendant The Law Offices of Gary Y. Shigemura, which disclaimed its interest in the Kalaepaa Property. ECF No. 64.  In April 2022, Defendants U.S. Bank, DOTAX, DPP, and the trust funds (Hawaii Masons' Health and Welfare Fund, Hawaii Masons' Training Fund, Hawaii Masons' Pension Fund, Hawaii Masons' Vacation and Holiday Fund, and Hawaii Masons' and Plasterers' Annuity Fund) stipulated that in the event the court orders the sale of the Kalaepaa Property, it will be sold free and clear of all the interests of those parties to this case.  ECF No. 128 at PageID.829.  And in May 2022, the government dismissed Defendant Pacific Board of Trade, which disclaimed its interest in the Kalaepaa Property.  ECF No. 132.

The remaining entity Defendants—Allied Building Products, Portfolio Recovery Associates LLC, Midland Funding LLC, and The Law Office of Alex M. Sonson—had been defaulted in June 2021.  ECF No. 72.  But these Defendants, as *Aguinaldo* pointed out, had not appeared in this matter, only three had been served a copy of the Third Amended Complaint in August 2022, and the fourth was served in September 2022.  2022 WL 5245341, at *12.  After *Aguinaldo*, in November 2022, the government re-served the Third Amended Complaint on those four Defendants, ECF Nos. 176, 177, 178, 179, and requested and obtained entry of default on December 6, 2022.  ECF No. 181.  The court entered default judgment as to Defendants Allied Building Products, Portfolio Recovery

6

Associates LLC, Midland Funding LLC, and The Law Office of Alex M. Sonson on March 1, 2023, ECF No. 199.

The government has shown that the remaining Defendant, Mrs. Aguinaldo, has a legal interest in the Kalaepaa Property, having obtained ownership via a warranty deed with Mr. Aguinaldo, as husband and wife, in December 2006.  ECF No. 226 at PageID.2923 (Concise Statement ¶ 1); *see also* ECF No. 226-1 (Warranty Deed).  The government is thus entitled to seek foreclosure of its tax liens against the Kalaepaa Property under 26 U.S.C. § 7403.

With that background, the court finds that there are no longer any parties other than Mrs. Aguinaldo with a possible legal interest in the Kalaepaa Property.  Furthermore, the government has established the Aguinaldos' tax liabilities, that the Aguinaldos have failed to pay those tax liabilities, and that the liens against their tax liabilities are on the Kalaepaa Property pursuant to § 6321 and § 6322.  *See generally Aguinaldo*.

Prior to the government filing its Motion for Summary Judgment, Mrs. Aguinaldo had filed a "Motion for Stay Proceedings to Allow the Sale of 1633 Kalaepaa Drive, Honolulu, Hawaii 96819," ECF No. 222 ("Motion to Stay Proceedings").  The court DENIES this Motion to Stay Proceedings.  In the Motion, along with the Opposition to the Motion for Summary Judgment, Mrs. Aguinaldo continues to attempt to contest the tax liabilities determined in

7

*Aguinaldo*—which have already been conclusively determined.  Nevertheless, she agrees that the Kalaepaa Property should be sold at fair market value "to pay off what is owed to the IRS, not what is assumed is owed."  ECF No. 231 at PageID.3219.  In her Motion to Stay Proceedings, Mrs. Aguinaldo speculates that the Kalaepaa Property would be sold "far below market value" if the government were to arrange for its sale, so she requests a stay to sell the property on her own.  *Id*.  Accordingly, she executed an "[Exclusive Right-to-Sell Listing Contract] for proof that the [Kalaepaa Property] is currently being listed on the market."  *See* ECF No. 230-1.  Not only is this "contract" unauthorized by the court,[4] but according to the government, the listed real estate licensee, Hopelin Cresencia, is related to Defendant.  *See* ECF No. 234 at PageID.3478; *see also* https://www.gofundme.com/f/help-kristianne-while-she-heals [https://perma.cc/AC6C-VTHZ] (Go Fund Me page organized by Ms. Cresencia for the Aguinaldos).  There is no indication in Mrs. Aguinaldo's proposed arrangement that, as required under § 7403, the court would retain control over the sale, as well as confirmation and distribution of proceeds of the sale to satisfy or partially satisfy the government's

---

[4] *See* 26 U.S.C. § 7403(c) ("The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property . . . .").  In other words, "a § 7403 is a proceeding in rem.  The purchaser receives a complete new title and not just somebody's interest.  The court finds the state of the title to the real estate in question, orders it sold if the United States has a lien on it, and divides the proceeds accordingly." *United States v. Rodgers*, 461 U.S. 677, 695 (1983) (emphasis added) (internal quotation marks omitted).

tax liens.  Furthermore, Mrs. Aguinaldo does not propose by what terms her chosen real estate licensee would market and sell the Kalaepaa Property.  The court, therefore, agrees with the government that—rather than Ms. Cresencia—the appointment of an independent and neutral receiver to conduct a judicial sale pursuant to § 7403 is appropriate.[5]  *See* ECF No. 227 (government's Motion to Appoint Receiver, to be addressed separately).

## IV.  CONCLUSION

For the reasons set forth above, the government's Motion for Summary Judgment, ECF No. 225, is GRANTED.  Furthermore, Defendant's Motion to Stay Proceedings, ECF No. 222, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 2, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Aguinaldo, et al.*, Civ. No. 20-00434 JMS-KJM; Order (1) Granting Plaintiff's Motion for Summary Judgment on Count Six in the Third Amended Complaint, ECF No. 225; and (2) Denying Defendant's Motion for Stay of Proceedings to Allow Sale, ECF No. 222

---

[5] The government proposes the appointment of Keahi Pelayo of NextHome KU Realty in Honolulu, Hawaii.  ECF No. 227-1 at PageID.2945 (the government's Motion to Appoint Receiver).  Mr. Pelayo has indicated his willingness to accept appointment on the terms set forth in the proposed Order granting motion to appoint receiver, *id.*, and he appears to be a qualified, independent, and neutral party.  *See* https://www.nexthome.com/agent/HI/Honolulu/Keahi-Pelayo/10948/  [https://perma.cc/8GSF-WJYP].